1  Larry Richards, Pro Se, In Propria Persona, Counsel of Record for the Plaintiff: Larry Richards and IF APPOINTED
   PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT: Ms. Georgeana K. Roussos, Attorney–At–Law;
2  (415) 252–1922; The Roussos Law Firm, 77 McAllister, Second Floor; San Francisco, California 94102

FILED
MAR 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Larry Richards, Pro Se, In Propria Persona,
2625 Alcatraz Avenue #317, Berkeley,
California 94705–2702, AND IN CARE OF:
Ms. Georgeana Roussos, 77 McAllister, Second
Floor, San Francisco, California 94102,
            Plaintiff, Pro Se,

Vs.

1.) MICHAEL J. ASTRUE, COMMISSIONER,
Social Security Administration, And
2. –50.) DOE(S) defendants, named, unknown
persons, In Care Of: UNITED STATES
ATTORNEY, Attention: Social Security
Defense Attorney, 450 Golden Gate, San
Francisco, California 94102,
            Defendants, Et. Al.

Case No.: CV. 08 1532 JL

Pro Se Plaintiff Larry Richards'
**COMPLAINT**
FOR A CAUSE OF ACTION: ORIGINAL

CIVIL RIGHTS INFRINGEMENTS: Several Colourable Constitutional Claims for disparate treatment and discriminatory treatment and retaliatory treatment under Color of Law

FRAUD, there is no statute of limitations

Violations of SOCIAL SECURITY ACT numerous violations, including but not limited to Unconstitutional refusal to allow a Formal Conference on the record before stopping disability payments; denial of timely filed right to payment continuations during hearing and appeal, and FRAUDULENT lying under oath to a United States District Court Federal Judge inorder to obtain dismissal; and then refusal to honor the representations made to a Federal Judge [the Honorable Charles A. Legge (Ret.)]

Pro Se Plaintiff's **COMPLAINTS FOR A CAUSE OF ACTION:**

I.  **JURISDICTIONAL CLAIMS:** Pro Se Plaintiff Claims this Court MUST exert it's

    Jurisdiction under The Equal Access to Justice Act, **5 USC §§ 504 and 554** *inter alia*.

    Pro Se Plaintiff FURTHER ASSERTS JURISDICTION UNDER THREE major

    areas of Law: 1.) VIOLATIONS OF FEDERAL LAWS AGAINST FRAUD; 2.)

    CIVIL RIGHTS LAW VIOLATIONS; 3.) Social SECURITY LAW VIOLATIONS

    wherein even if the Court selects only one of the above listed venues, this Honourable

    Court has Jurisdiction under the following Federal Laws and United States Codes:

**FRAUD:** There being no statute of limitations for Fraud, Plaintiff seeks criminal referral of the Defendants for Criminal Prosecution for FRAUD! Plaintiff seeks Court protection in the United States Codes and Federal Statues for Court Jurisdiction and monetary recovery when Fraud is demonstrated and proven with a preponderance of the evidence. And for the Court to determine which United States Codes and Federal Statues would best provide monetary recovery for the Plaintiff based upon the evidence he presents in this case–at–bar.

**CIVIL RIGHTS VIOLATIONS:** Plaintiff ASSERTS Court Jurisdiction rests in the following STATUTES, CASES, and REGULATIONS willfully violated by SSADefendants:

| | |
|---|---|
| 28 USC § 1254 (1) | 20 CFR § 404.900 |
| 28 USC § 1343, see especially NOTE 50! in USCA | 20 CFR § 422.108 |
| 28 USC § 1361 | 20 CFR § 498.100 et. seq. |
| 28 USC § 1331 | 20 CFR § 404.987 et. seq. |
| 28 USC § 2676 | 20 CFR § 404.988 (a)(b)(c)(1) |
| | 20 CFR § 404.632 |
| 18 USC § 1509 | 20 CFR § 404.995 |
| 18 USC § 242 | 20 CFR § 404.996(c)(1) |
| 18 USC § 241 | 20 CFR § 416.1336(b) |
| 18 USC § 245 (2)(b)(1)(B)(E) | 20 CFR § 404.940 |
| 18 USC § 1001 | 20 CFR § 404.966 |
| 5 USC §§ 504; 554 | 20 CFR § 404.975 |
| 42 USC § 423(g)(1)(c) | 20 CFR § 404.976 |
| 42 USC § 405(a) and (g) | 20 CFR § 422.205(a) |
| 42 USC § 1983 | [ and in the Appendix]: |
| 42 USC § 1985 | 20 CFR Part 404, Subpart P, Appendix 1, Part A, § 1.00et.seq. |
| 42 USC § 1986 | Musculoskeletal [Especially: 1.00(b); 1.05 (b)(1); 1.05(c)(1); 1.13] AND § 11.00et.seq. Neurological [Especially 11.00(c);11.03; 11.04(b); 11.08] |

*CaseLaw, applicable:*
*Bethesda Hospital Association Vs. Bowen,* **485 US 399, 406 – 407 (1988)**
*Bivens Vs. 6 Unknown Named Agents of the Federal Bureau of Narcotics,* **403 US 388**
*Chevron, USA Vs. Natural Res. Def. Council,* **104 S.Ct. 2778 (1984)**
*Darby Vs. Cisneros,* **113 S.Ct. 2539 (1993)**
*Goldberg Vs. Kelly,* **397 US 254 (1970)**
*Jelinek Vs. Heckler,* **(CA 8 MINN) 764 F2d 507 AND** *Mathews V. Eldridge,* **424 US 319**
*McKart Vs. United States,* **89 S.Ct. 1657 (1969)** *Paul Vs. Shalala,* **29 F3d 208 (5th Cir. 1994)**
*Sims Vs. Apfel,* **520 US 130 (2000) AND** *Richardson Vs. Perales,* **402 US 389 (1971)**

**Colourable Constitutional Claim #1:** Proven Prima Facie Disparate treatment of the Plaintiff by the Defendants when the Defendants represented TO THIS Federal Court and to a United States District Court Judge, Charles A. Legge (Ret.), that "Finally, the government has represented to this Court in its brief that upon dismissal of this action, Plaintiff's case [Title 2 and Title 16 Disability payments claims] will be returned to the proper component of the Social Security Administration to address Plaintiff's January 1988 Request for Reconsideration". But then the SSA Defendants NEVER ACTUALLY DID SO! or intended to do so; and further, THEY REFUSED TO HONOR THIS REPRESENTATION AND CO-OPERATE WITH PLAINTIFF OR HIS PRO BONO ATTORNEY GEORGEANA ROUSSOS when repeatedly contacted for resolution! This is the DEFINITION of DISPARATE TREATMENT, because the SSA Defendants have honored EVERY OTHER REPRESENTATIONS THAT THEY HAVE EVER MADE IN EVERY UNITED STATES DISTRICT COURT, IN EVERY DISTRICT! Not just the Northern District of California, thereby receiving the trust of this Court to such a substantial degree that it could write in it's ORDER, **"In light of the above ruling, the Court assumes that the government will honor this representation"**, [Document #40 ORDER of the Court in #98 –4132 (CAL) Page 15, Lines 2 through 4 inclusive] but the SSA Defendants never did honor their representations!! (See: Exhibit #2) This is Prima Facie PROOF, and irrefutable evidence of, DISPARATE TREATMENT of the innocent disabled abused Pro Se Plaintiff Larry Richards

**Colourable Constitutional Claim #2 OF 10:** Disparate treatment of Plaintiff by SSA Defendants regarding the fair application of 42 USC § 405 (g) AND Mathews Vs. Elderidge, 424 US 319–322 wherein the Defendants KNOW OR SHOULD HAVE KNOWN that the Courts have found that a decision to STOP disability payments IS A "405 G" final decision

of the Commissioner for determining Subject Matter Jurisdiction for the purpose of 42 USC § 405 (g) subject matter jurisdiction. The Defendants deliberately stopped Plaintiff's disability payments; then deliberately distorted their need for FURTHER administrative process; and distorted their need to a United States District Court Judge to take a disputed case from their highest level of decision making ability, "The Appeals Counsel" DOWN TO THE LOWEST POSSIBLE level of decision making, "A LOCAL OFFICE", located in Sedalia, Missouri for "further administrative process"! Which was unnecessary and obviously NOT ACTUALLY ACCOMPLISHED thus the SSA Defendants inflict Disparate treatment onto the innocent Plaintiff because they know that Plaintiff Richards – whom they have just taken away all his money from – cannot thereby travel half way across the country to a tiny obscure local office because the cost alone would have been more than three months worth of disability payments, which the Defendants clearly KNOW they have just taken away from Plaintiff so that he cannot comply with their untenable unnecessary disparate requirements;

**Colourable Constitutional Claim #3 OF 10:** Disparate treatment by the Defendants onto the Plaintiff when they deliberately deny Plaintiff his Constitutional Rights under the Fifth Amendment of the United States Constitution. Wherein the Defendants KNOW OR SHOULD HAVE KNOWN the 5th AMENDMENT of the Constitution legally entitles this Innocent Plaintiff to a due process hearing before payment termination! Defendants deny a FORMAL CONFERENCE, ON THE RECORD, to the Plaintiff wherein he can PROVE the FRAUDULENT TRICKS of the DEFENDANT! So since the Defendants control that process they Willfully, Disparately EXCLUDE Plaintiff from his FIFTH AMENDMENT RIGHT TO DUE PROCESS before depriving Plaintiff Richards of his PROPERTY RIGHT of disability payments (See: Mathews Vs. Elderidge 424 US 319–322 wherein the United

States Supreme Court DETERMINED that Disability Payments ARE STATUTORILY CREATED PROPERTY RIGHTS) when they REFUSE to hold a Formal Conference which was clearly requested by the Plaintiff ON A TIMELY SUBMITTED FORM, before they take away his property rights of Disability Payments;

**Colourable Constitutional Claim #4 (of 10):** Regardless of the Court's view of ANY of the Plaintiff's other Colorable Constitutional Claims, the Court cannot hide from *THIS* CLAIM and the quite simple fact that the *Legislative Intent of Congress* was to PROTECT this INNOCENT Plaintiff from exactly the types of abuses he has suffered for the past DECADE, when Congress authorized **42 USC § 423(g)(1)(c)** and particularly **20 CFR § 416.1336(b)**!! The DISPARATE TREATMENT of the recalcitrant Defendants to WILLFULLY DENY Plaintiff his PROPERTY RIGHT of Disability Payments *CONTINUATIONS* WHILE THIS HEARING PROCESS continued is absolute *Brutal DISPARATE treatment!* The Plaintiff TIMELY filed application for BOTH Payment Continuations AND Formal Conference and was willfully defrauded out of this FIFTH AMENDMENT PROPERTY RIGHT TO DUE PROCESS OF DISABILITY PAYMENT CONTINUATIONS DURING THE ADMINISTRATIVE PROCESS by the fraudulent, recalcitrant Defendants, in clear absolute PROOF of Disparate Treatment because others who apply for payment continuations are "granted" and are given payment continuations but the Plaintiff was discriminated against; Remaining Constitutional Claims are untyped due to EMERGENCY need to file this TRO!

**SOCIAL SECURITY ACT VIOLATIONS:   Clear, willful, knowingly intentional, [Breach of BOTH SSA Program Operations Manual System (SSAPOMS) AND Title 42 United States Code AND of the Code of Federal Regulations (20 CFR 400 et. seq.)]:**

(See: SSAPOMS § GN 04010.020 AND § GN 04020.080 AND Plaintiff incorporates the list of statues, regulations, and cases violated in the Civil Rights section of this Complaint at Page #2 HEREIN as though it was reproduced HEREAT, because it ALL also applies here:

## II.   CLAIMS FOR A CAUSE OF ACTION:

**FACTS:**   THIS HONOURABLE COURT HAS JURISDICTION TO AT MINIMUM ENFORCE THE PREVIOUS ORDER OF THIS COURT AND REQUIRE THE REPRESENTATIONS MADE BY THE DEFENDANTS INORDER TO OBTAIN THE PREVIOUS ORDER OF THIS COURT TO ACTUALLY BE DECIDED AND PAID. (See: Exhibit #2). BASED SOLELY UPON the false representations of the Defendants to go back to the beginning of this case and CORRECT their errors and make all BACKPAYMENTS and CURRENT payments to the Plaintiff, this Court dismissed the related case #98–4132 (CAL). {See: Exhibit #2} The FRAUDULENT Defendants NEVER HONORED their own representations made to THIS HONOURABLE COURT inorder to obtain dismissal. Further the Defendants REFUSE to honor their representations to even negotiate with the Plaintiff OR his "newly" appointed Pro Bono Attorney, Ms. Georgeana Roussos. The reason the Pro Se Plaintiff types "quotations marks" around "newly" is because it is new only to this Court! **Over three years ago** Plaintiff asked Ms. Georgeana Roussos for help with this case as his physical and mental strength to battle the recalcitrant defendants was almost destroyed by the financial starvation inflicted upon the Plaintiff by the Defendants. Plaintiff understands that Ms. Roussos volunteered to inquire about the status of Backpayments to Plaintiff, and was unsuccessful due solely to the recalcitrance of the SSA Defendants! This was the only act Ms. Roussos agreed to perform on the Plaintiff's behalf, and Plaintiff understands that Ms. Roussos is not representing him in any legal proceedings. HOWEVER Plaintiff begs this Honorable Court to **APPOINT**

Ms. Roussos under the **EQUAL ACCESS TO JUSTICE ACT 5 USC §§ 504 and 554** because he is incredibly ill and unable to attend the Court; AND that he be ALLOWED TO TESTIFY VIA TELEPHONE connection to the Court, with telephone number of Pro Se Plaintiff to be provided to the clerk by Plaintiff; *AND BECAUSE the SSA rules require that the only way that the Plaintiff can PAY Ms. Roussos is for the Plaintiff to open a "NEW APPLICATION" to claim his Title 2 SSDI and Title 16 SSI disability payments and to have her be named the Attorney of Record for that "NEW APPLICATION." HOWEVER, that action IRREPARABLY HARMS the Pro Se Plaintiff BECAUSE ALSO BY SSA RULES any "NEW APPLICATION" AUTOMATICALLY INVOKES RES JUDICATA ON ALL PREVIOUS ACTIONS BY THE SSA! Thus the Pro Se Plaintiff would lose 22 and ½ YEARS of his PROPERTY RIGHTS OF TITLE 2 AND TITLE 16 DISABILITY PAYMENTS!* Attorney Roussos and Pro Se Plaintiff Richards signed a release allowing Ms. Roussos to contact the SSA on his behalf. Frequently the Law Offices of Georgeana K. Roussos and also Attorney Roussos personally have contacted the local offices of the SSA in an attempt to negotiate and resolve the Plaintiffs Property Rights to his Disability Backpayments, Current Payments and Payment Continuations. Attorney Roussos has been repeatedly ignored. The SSA Defendants have repeatedly refused to even acknowledge Attorney Roussos or the Plaintiff's repeated requests and thus this paperwork that you are reading is essentially because of the refusal of the SSA Defendants to actually honor their representations to THIS COURT and PLAINTIFF.    ▶Much to the Plaintiff's chagrin the previous Court ORDER ignored the Harms that the SSA Defendants INTENTIONALLY WITH MALICE INFLICTED UPON HIM of violating Plaintiff's 5th Amendment property rights to payment continuations while awaiting hearing (See: 20 CFR § 416.1336(b) which is also the statute of (42 USC§ 423 (g)(1)(c), AND 5th Amendment Rights to Hearing before the

termination of disability payments (See: Mathews Vs. Eldridge 424 US 319 – 322 AND the 5TH Amendment to the United States Constitution) and accepted the phony representations of the SSA Defendants that they would go back 15 years in this case and correct their errors and make the Backpayments and Current payments to Plaintiff! This was based upon the wholly fallacious argument by the SSA Defendants that the Court lacked 42 USC § 405 (g.) subject matter Jurisdiction because the SSA Defendants wrongly stated that the case–at–bar required further administrative process at a small local SSA office, 2500 miles away in the State of Missouri! Which it clearly did not! *PROOF OF THIS RESTS IN YOUR HANDS RIGHT NOW, as this paperwork and case would never have been necessary if the SSA Defendants had ACTUALLY DONE the "further administrative process" that they falsely claimed they needed!* The SSA **Defendants** have clearly **ABUSED THIS COURT; ABUSED THIS PLAINTIFF; AND ABUSED THE "405 G" ADMINISTRATIVE PROCESS** PROVISIONS OF THE ACT inorder to frustrate justice, and deliberately deny payment to the wholly INNOCENT PLAINTIFF. And in fact Plaintiff calls the Court to NOTICE the OBVIOUS, that SSA **Defendants clearly NEVER ACTED UPON THEIR SO CALLED NEED TO ACT FURTHER!** The SSA clearly fraudulently misrepresented their need for further administrative process by removing the Plaintiff's case from proper "405 G" Court Jurisdiction into the vast worthless wasteland of never properly administered administrative process in hopes that Plaintiff would die and the SSA would never have to pay his lawful property rights of SSDI payments.

III. **JURY TRIAL DEMANDED: In all Federal matters of controversy that exceed $50 Plaintiff is entitled to a Jury Trial, therefore, Plaintiff ASSERTS his right to have a Jury Trial in ALL these matters complained of herein. Pro Se Plaintiff states that this very poorly written, ARTLESS, Complaint for a Cause of Action**

is INCOMPLETE, only enough is presented herein to allow the Court to have a hearing on the Motion for Temporary Restraining Order, attached. {THEREFORE please SEE JUDICIAL NOTICE #4 AT PAGE #10!}

**JUDICIAL NOTICE #1 of 4:  NOTICE OF RELATED CASE:** This case was previously decided by the Honourable Judge Charles A. Legge. (Ret.) as case # **98–4132 (CAL) Plaintiff incorporates herein every document filed in that case as though fully setforth hereat now!**

**JUDICIAL NOTICE #2 of 4:** Clearly this case (and it's predecessor # **98–4132 CAL**) are written and filed by the Pro Se Plaintiff Larry Richards who, in propria persona, without waiving any of his Constitutional rights – per UCC 1 – 207 inter alia. – has written, sworn to and signed this COMPLAINT for a Cause of Action which contains an EMERGENCY BASED Motion for TRO and Application for Preliminary Injunction; it is poorly constructed and artless, and Plaintiff claims Jurisdiction under THREE JURISDICTIONS:  violation of Civil Rights Law; and violation of the Federal Laws Against FRAUD; as well as violation of Social Security Law. However, the Pro Se Plaintiff *must have surgery* and therefore is far too ill and weak to personally appear in the Court at this time and requests to appear by telephone at a number to be provided to the Court. Even better, the Pro Se Plaintiff has signed a release with and requested Pro Bono assistance from, Social Security Attorney Georgeana K. Roussos, whom the Defendants refuse to deal with, or to even have the courtesy to write a reply to her regarding their representation TO THIS COURT to correct their errors and pay Plaintiff his Backpay! (SEE: Exhibit #2)  THEREFORE, Pursuant to the EQUAL ACCESS TO JUSTICE ACT, (5 USC §§ 504 and 554) Plaintiff MOVES this Court to APPOINT her to this case. {Note SEE: JUDICIAL NOTICE #4 OF 4 ahead at the bottom of page #10}  It is exceptionally important that the Court enact the Equal Access to Justice Act and APPOINT Attorney Roussos IF THE

COURT IS GOING TO CONSIDER DISMISSAL OF THIS CLAIM based upon the way it is written or how artlessly it presents Plaintiff's Colorable Constitutional Claims. ▶The PRO SE Plaintiff Larry Richards **NOW MOVES** this Honourable Court that **UNDER THE EQUAL ACCESS TO JUSTICE ACT (at section 504 and 554 of Title 5 United States Code)** that the Court APPOINT PAYMENT UNDER *THAT 5 USC §§ 504; 554* ACT TO: Ms. Georgeana Roussos located at the Law Office of Georgeana K. Roussos, 77 McAllister, Second Floor, San Francisco, California 94102 (415) 252 – 1922 as Plaintiff's "special" PRO BONO SOCIAL SECURITY ATTORNEY to represent him in this matter. In other words, pay Ms. Roussos under 5 USC sections 504 and 554 inter alia., and not under the Social Security Act because Plaintiff cannot enter a "New Application" to pay Ms. Roussos under the Social Security Act BECAUSE OF THE DOCTRINE OF RES JUDICATA! Plaintiff understands that Ms. Roussos volunteered to inquire about the status of Backpayments to Plaintiff, and was unsuccessful due solely to the recalcitrance of the SSA Defendants. This was the only act Ms. Roussos agreed to perform on the Plaintiff's behalf, and Plaintiff understands that Ms. Roussos is not representing him in any legal proceedings, HOWEVER Plaintiff begs this Honorable Court to APPOINT Ms. Roussos because he is incredibly ill and unable to attend the Court.

**JUDICIAL NOTICE TO THE COURT #3 OF 4 APPLIES TO THE MOTION FOR TEMPORARY RESTRAINING ORDER ATTACHED TO THIS COMPLAINT:**

**JUDICIAL NOTICE TO THE COURT #4 of 4:** UNDER THE SSA "RULES" Ms. Roussos cannot be paid UNLESS Richards issues a "New Application" to the SSA for Title 2 and Title 16 Disability payments and she is the Attorney of Record for that "New Application". However ALSO UNDER THE SSA "RULES" if Richards files any "New Application" it automatically **TRIGGERS RES JUDICATA;** and the SSA can legally bar Pro Se Plaintiff Richards's

1  ABSOLUTE PROPERTY RIGHT TO HIS SSDI AND SSI DISABILITY CURRENT
2  PAYMENTS AND BACKPAYMENTS BECAUSE OF the legal doctrines of letting THEIR
3  "PREVIOUS" DECISIONS "rest" IN THIS CLAIM. This pernicious practice of the SSA
4  Defendants using "New" disability applications to destroy previous disability claims, and thereby
5  destroy the lives of the weakest and most disabled citizens of the United States under the guise of
6  Res Judicata is in hundreds of cases but for ease of reference, and because he does not remember
7  the entire list Plaintiff cites: {See: Jelinek Vs. Heckler inter alia. (CA8 MINN) 764 F2d 507}
8  Richards "reopened" under Jelinek and the SSA Defendants have STILL refused to go back and
9  correct their errors in this case even though they represented to this Court that "they would
10 actually do so **THIS TIME"**. Richards can easily and will absolutely prove he has been
11 WILLFULLY INTENTIONALLY DEFRAUDED out of his disability payments by the SSA
12 Defendants!! Pro Se Plaintiff Richards WAS IN THE PAST, currently IS, and permanently into
13 the forever future MUST receive his SSDI and SSI payments from at least 11/21/1986
14 {technically 11/21/85 by rule 42 USC § 404.988(a.)} to the present; AND Pro Se Plaintiff
15 Richards Notices the Court to read the Previous ORDER by this Honourable Court: BY
16 PREVIOUS COURT ORDER FROM THE HONOURABLE CHARLES A. LEGGE (ret.) THE
17 DEFENDANTS HAVE AGREED IN THIS COURT TO GO BACK TO AT LEAST 11/21/1985
18 AND FROM THAT DATE FORWARD CORRECT THEIR OWN KNOWN ERRORS, AND
19 PAY RICHARDS THAT BACKPAY – EXCEPT THEY ARE REFUSING TO ACTUALLY
20 ACT AND DO THIS – or even reply to Plaintiff's Pro Bono Attorney Roussos *WHICH IS*
21 *WHY YOU ARE HAVING TO READ THIS PAPERWORK RIGHT NOW!! And which is yet*
22 *another reason why this Honourable Court MUST divest this recalcitrant agency of*
23 *Jurisdiction in this case! {Again SEE: Exhibit #2}* Plaintiff Richards is very ill; and must have

surgery; and cannot care for himself; he must have the assistance of Pro Bono Attorney Roussos TO NEGOTIATE WITH the SSA, BECAUSE HE NO LONGER HAS THE PHYSICAL AND MENTAL ABILITY TO PUT UP WITH THE EXTREME STRESSES THAT THE SSA DEFENDANTS ROUTINELY CAUSE ALL CLAIMANTS, yet the RECALCITRANT SSA Defendants REFUSE TO ACTUALLY DEAL WITH OR EVEN ACKNOWLEDGE OR EVER REPLY TO PLAINTIFF'S PRO BONO ATTORNEY ROUSSOS!  HOWEVER, Plaintiff Richards CANNOT sacrifice and give up that large Backpayment check; just to start a "new" application; just to obtain the current services of Ms. Roussos; and under the Social Security Act she can only be limited to approximately $4000 for negotiation of his disability payments. **PRO SE PLAINTIFF RICHARDS' ATTORNEY ROUSSOS MUST THEREFORE BE PAID UNDER THE PLAINTIFF'S ABSOLUTE RIGHT TO RECEIVE EQUAL ACCESS TO JUSTICE BY HAVING THIS HONOURABLE COURT APPOINT ATTORNEY GEORGEANA ROUSSOS TO REPRESENT THE PLAINTIFF UNDER THE EQUAL ACCESS TO JUSTICE ACT.** <u>This complaint is incomplete; more needs to be added after the Court acts upon my TWO motions: First to ISSUE A TEMPORARY RESTRAINING ORDER AS APPLIED FOR and Second to APPOINT Attorney Roussos under the EQUAL ACCESS TO JUSTICE ACT RESPECTFULLY SUBMITTED:</u>

> Signed, Sworn, and Dated in San Francisco, California on this Monday, the 17th day of March, in the 2008th year of our Lord.
> UCC 1-207
> BY: *[signature]*
> Larry Richards, Pro Se, In Propria Persona, Counsel of Record for the Plaintiff: Larry Richards and IF APPOINTED PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT:
> Ms. Georgeana Roussos, 77 McAllister, Second Floor;
> San Francisco, California 94102

©ENTIRE CONTENTS COPYWRITTEN BY AUTHOR LARRY RICHARDS © on 3/17/08 no portion may be used without expressed written permission of the author who can be contacted at the address above.

**PLAINTIFF's EXHIBIT #1**

DEPARTMENT OF HEALTH & HUMAN SERVICES   Social Security Administration

Refer to:

Office of Hearings and Appeals
500 State Avenue, Suite 380
Kansas City, KS  66101
Telephone: (913) 551-6505
Date:

MAY 26 1995

## NOTICE OF DECISION -- FULLY FAVORABLE

Larry J, Richards

I have made the enclosed decision in your case.  Please read this notice and the decision carefully.

**This Decision Is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits.  Your local Social Security office or another office may first ask you for more information.  If you do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own Motion**

The Appeals Council may decide to review my decision even though you do not ask it to do so.  To do that, the Council must mail you a notice about its review within 60 days from the date shown above.  Review at the Council's own motion could make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request the Appeals Council to review the decision.  You must make the request in writing.  You may use our Request for Review form, HA-520, or write a letter.

See Next Page

**PLAINTIFF'S EXHIBIT #2**

25  Finally, the government has represented to this court in
26  its brief that upon dismissal of this action, plaintiff's case
27  will be returned to the proper component of the Social
28  Security Administration to address plaintiff's January 1988

14

1  request for reconsideration. In light of the above ruling,
2  the court assumes that the government will honor this
3  representation. And plaintiff might be able to obtain
4  reinstatement of his Title XVI checks by complying with the
5  SSA's requests for information.
6  
7  IT IS SO ORDERED.
8  
9  DATED:  April 12, 1999.
10  
11                    _____
12                    CHARLES A. LEGGE
                     United States District Judge

*Handwritten note:* IN THIS EXHIBIT #2 THE PRO SE PLAINTIFF HAS ENLARGED THE FINAL TWO PAGES OF THE 15 PAGE ORDER IN RELATED CASE #98-4132 CAL - THIS IS "DOCUMENT #40" AND IS AVAILABLE IN THE COURT'S RECORDS IN SAN MATEO - (SEE EX.#4) PLAINTIFF AND PLAINTIFF'S PRO BONO ATTORNEY ALSO HAVE A PHOTOCOPY.

# PLAINTIFF's EXHIBIT #3

Richards, Larry          Sex:M          BD:            MR#:

MRI SPINE THORACIC W&WO CON                              Mar 27, 2006 11:40

```
*** Final Report ***
Acc# 2170691
Dictating MD:  ROCKY SAENZ M.D. Dictated on:  Mar 27 2006 11:35AM
Reviewing MD:  ROCKY SAENZ M.D.
Signing MD:    ROCKY SAENZ M.D. Signed on:    Mar 27 2006  4:55PM
MRI 4314 - MRI SPINE THORACIC W&WO CON - Mar 27 2006 11:40AM
```
> Reason for Exam: NERVE SHEATH TUMOR

RESULT:  MRI thoracic spine, with contrast
Indication: Right paraspinal mass
Comparisons: Compared with prior report MRI 5/29/01
Technique: Multi-planar multi-sequence imaging was performed of the
thoracic spine. The sequences done include: T2 sagittal, T1 sagittal, T1
axial, T2 FSE axial, post gadolinium T1 coronal and axial.
Findings:
The thoracic vertebral bodies do have normal alignment and preserved
heights. Bone marrow signal and cervical spinal cord signal is normal.
The thoracic Spine was then studied axially:
An oval-shaped, well-circumscribed lesion is identified which measures 12
mm x 7 mm x 6 mm (transverse diameter by AP x craniocaudal diameter) and
is of corresponding high signal on the T2-weighted images and low signal
on T1-weighted images. This lesion is located just anterior to the
posterior aspect of the 9th right rib. After the administration of
gadolinium, homogeneous enhancement is seen.
Again identified is the broad-based bulge at T9 and T10 without
significant canal stenosis.
IMPRESSION:
Again seen is a lesion anterior to the right 9th rib which is
well-circumscribed and oval in shape measuring 12 mm x 7 mm in largest
diameter. The findings are most consistent with a nerve sheath tumor.
This exam was approved and reviewed by Dr. Donna Roberts.
My electronic signature on this consultation report indicates my direct
involvement in the interpretation of the examination and/or the direct
supervision of the entire procedure and agreement with the report.

*[Handwritten annotations in margin: "Magnetic Resonance Imaging OBJECTIVE PROOF OF SCHWANNOMA TUMOR IN PLAINTIFF'S SPINE!"]*

**PLAINTIFF'S EXHIBIT #4: HIS RELATED CASE-FILE LOCATED IN SAN MATEO**

AND-ECF

Page 1 of 1

## Case File Location

Case 3:98-cv-04132-CAL is marked as having been sent to the FRC.

| Case Number | Volume | Case Title | FRC Shipment Code | FRC Accession Number | Box Number | FRC Location | Date Shipped | Description |
|---|---|---|---|---|---|---|---|---|
| 3:98-cv-04132-CAL | CS1 | Richards v. Apfel, et al | 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 | 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 | 332-333 | 1710540 | 03/09/2006 | 1710540 |

Error: There was an error retrieving the form. Please see your system administrator.

1  PRO SE PLAINTIFF LARRY RICHARDS, IN PROPRIA PERSONA
   Name of Attorney for Plaintiff/Name of Plaintiff (if pro se)

2  2625 ALCATRAZ AVENUE #317
   Address

3  BERKELEY, CALIFORNIA 94705-2702
                              (415) 252-1922 ATTORNEY ROUSSOS

4  (415) 680-3517 MESSAGE ONLY
   Telephone Number

5  NONE
   Facsimile Number

6  NONE
   State Bar Number of Attorney

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

Larry Richards,

     Plaintiff, Pro Se
     IN PROPRIA PERSONA

v.                                    Case No. _____

Michael J. Astrue,                    **COMPLAINT FOR JUDICIAL REVIEW**
Commissioner of Social Security.      **OF DECISION OF COMMISSIONER**
2-50) DOE(S) NAMED, UNKNOWN PERSONS   **OF SOCIAL SECURITY**
     Defendant.             (Administrative Procedure Act Case)

The above-named plaintiff makes the following representations to this court for the purpose of obtaining judicial review of a decision of the defendant adverse to the plaintiff:

1. The plaintiff is a resident of SAN FRANCISCO, CALIFORNIA, City
   CALIFORNIA.
   State

2. The plaintiff complains of a decision which adversely affect the plaintiff in whole or in part. The decision has become the final decision of the Commissioner for purpose of judicial review and bears the following caption:

/ / /

/ / /

/ / /

COMPLAINT              - 1 -

1  In the case of: #98-4132(CAL)     Claim for: SSDI
2  Larry Richards                     TITLE 2 AND TITLE 16 SSI DISABILITY PAYMENTS
   Claimant                           Type of Benefit
3                                     IN NOTICE OF RELATED CASE    AND
                                      (PREVIOUSLY FILED)           BACK PAYMENT
4  Wage Earner (Leave blank if same as above)    Last Four Digits of Social Security Number

5      3. The plaintiff has exhausted administrative remedies in this matter and this court has jurisdiction
6  pursuant to Title 42, U.S.C. §405(g). SEE: MATHEWS VS. ELDRIDGE 424 US 319-322 INTER ALIA!
7      WHEREFORE, the plaintiff seeks judicial review by this court and the entry of judgment for such
8  relief as may be proper, including costs.

10                                    UCC 1-207
11 DATE: MONDAY, MARCH 17TH 2008 SD   Larry Richards Monday March 17th 2008 SD
                                      Signature of Attorney or Plaintiff Appearing Pro Se
12                                    PLAINTIFF, PRO SE, IN PROPRIA PERSONA

28 N:\DOCS\INTAKE\CIVIL\SocSecComplaintForm.wpd

COMPLAINT                    - 2 -

JS 44 (Rev. 12/07) (cand rev 1-16-08)   **CIVIL COVER SHEET** ORIGINAL (5) AAO JV 8

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
Larry Richards, Plaintiff Pro Se, In Propria Persona

**DEFENDANTS**
1.) MICHAEL J. ASTRUE, Commissioner of Social Security Administration; 2. - 50.) DOE(S) named, unknown persons, ET. AL.

**(b)** County of Residence of First Listed Plaintiff San Francisco, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Washington, District of Col.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
2625 Alcatraz Avenue, #317, Berkeley, California 94705 - 2702 AND IF APPOINTED UNDER THE EQUAL ACCESS TO JUSTICE ACT: Ms. Georgeana K. Roussos, The Law Offices of Georgeana K. Roussos, 77 McAllister Street, San Francisco, California 94102 (415)252-1922

Attorneys (If Known)
IN CARE OF: UNITED STATES ATTORNEY'S OFFICE
ATTENTION: SOCIAL SECURITY DEFENSE ATTORNEY
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument |  |  |  | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability |  | 640 R.R. & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 840 Trademark | 480 Consumer Credit |
|  | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health |  | 490 Cable/Sat TV |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | LABOR | 810 Selective Service |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | SOCIAL SECURITY | 850 Securities/Commodities/ Exchange |
| 190 Other Contract |  | 385 Property Damage Product Liability |  | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal Injury |  | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 890 Other Statutory Actions |
| 196 Franchise |  |  | 730 Labor/Mgmt.Reporting & Disclosure Act | [X] 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | [X] 864 SSID Title XVI | 892 Economic Stabilization Act |
|  |  |  | 740 Railway Labor Act | [X] 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation |  | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment |  | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | Habeas Corpus: |  | 870 Taxes (U.S. Plaintiff or Defendant) | [X] 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land |  | 530 General |  |  |  |
| 245 Tort Product Liability | [X] 444 Welfare | 535 Death Penalty |  |  |  |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 |  |
|  |  | 550 Civil Rights | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 446 Amer. w/Disabilities – Other | 555 Prison Condition | 463 Habeas Corpus – Alien Detainee |  |  |
|  | [X] 440 Other Civil Rights |  | 465 Other Immigration Actions |  |  |

I choose This one Box ONLY next to the Arrow

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC §1343 NOTE 50
The Equal Access to Justice Act (at section 504 AND 554 of Title 5, United States Code) inter alia. 20 CFR §404.988(c.)
Brief description of cause:
Emergency TRO to enforce previous ORDER of THIS COURT in #98 - 4132 (CAL) requiring SSA to negotiate with me

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 270,000 + DAMAGES MORE THAN 3 TIMES
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Notice of Related Case: Larry Richards Vs. APFEL #98-4132 (CAL)

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE MONDAY, MARCH 17th 2008   SIGNATURE OF ATTORNEY OF RECORD Monday March 17th 2008 THE 17th DAY OF 2008

C08-1532TL