*FILED*

1  Larry Richards, Pro Se, In Propria Persona, Counsel of Record for the Plaintiff: Larry Richards and IF APPOINTED PURSUANT TO THE
   EQUAL ACCESS TO JUSTICE ACT: Ms. Georgeana K. Roussos, Attorney–At–Law;
2  (415) 252–1922; The Roussos Law Firm, 77 McAllister, Second Floor; San Francisco, California 94102

*MAR 9 2008*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

3                      **UNITED STATES DISTRICT COURT**

4  E-filing      **NORTHERN DISTRICT OF CALIFORNIA**

5  Larry Richards, Pro Se, In Propria Persona,  | Case No.:
6  2625 Alcatraz Avenue #317, Berkeley,
   California 94705–2702, AND IN CARE OF:       CV 08           1532
7  Ms. Georgeana Roussos, 77 McAllister, Second | Pro Se Plaintiff Larry Richards'
   Floor, San Francisco, California 94102,
8           Plaintiff, Pro Se,                  **EMERGENCY**    JL

9  Vs.                                          **MOTION FOR**

10                                              **TEMPORARY**   ORIGINAL
   1.) MICHAEL J. ASTRUE, COMMISSIONER,
11 Social Security Administration, And          **RESTRAINING**
   2.–50.) DOE(S) defendants, named, unknown
12 persons, In Care Of: UNITED STATES           **ORDER**
   ATTORNEY, Attention: Social Security
13 Defense Attorney, 450 Golden Gate, San       APPLICATION FOR PRELIMINARY
   Francisco, California 94102,                 INJUNCTION
14
          Defendants, Et. Al.                   MOTION FOR HEARING ON APPLICATION
15                                              FOR PRELIMINARY INJUNCTION

16 <u>Pro Se Plaintiff's **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER:**</u>

17 **JUDICIAL NOTICE #1 of 4: NOTICE of Related Case:** This case was previously decided by

18 the Honourable Judge Charles A. Legge (Ret.) as case **# 98–4132 (CAL)** (Exhibit #4) **Plaintiff**

19
   **incorporates herein every document filed in that case as though fully setforth hereat now!**
20
21 **JUDICIAL NOTICE #2 of 4:** Clearly this case (and it's predecessor **# 98–4132 CAL**) is

22 written and filed by the Pro Se Plaintiff Larry Richards; and Plaintiff claims Jurisdiction under

23 THREE JURISDICTIONS:  violation of Civil Rights Law; and violation of the Federal Laws

24 against FRAUD; as well as violation of Social Security Law.  However, the Pro Se Plaintiff must

25
   have surgery and therefore is far too ill and weak to personally appear in the Court at this time
26
27 and requests to **appear by telephone** at a number to be provided to the Court.  Even better, the

28 Pro Se Plaintiff has signed a release with and "newly"[3 years ago] appointed Pro Bono

   Attorney, Social Security Attorney Georgeana K. Roussos, whom the Defendants refuse to deal

with, or to even have the courtesy to write a reply to her regarding their representation TO THIS COURT to correct their errors and pay Plaintiff his Backpay! (See: Exhibit #2) **Pursuant** to the EQUAL ACCESS TO JUSTICE ACT, **(5 USC §§ 504 and 554) Plaintiff MOVES this Court to APPOINT Ms. Roussos** to this case{Note SEE: JUDICIAL NOTICE #4 ahead at page #10} **JUDICIAL NOTICE #3 of 4incorporating NEXT 4–pages AND page #5 FOOTNOTE:** This is an *EMERGENCY* based APPLICATION for a Temporary Restraining Order and future APPLICATION for a Hearing for an INJUNCTION, restraining Defendants AND ENFORCING the Previous ORDER of THIS Honourable Court; **HOWEVER** *this is ALSO a Pro Se Indigent Suffering Plaintiff's PLEA for MERCY and* **PRAYER FOR RELIEF PETITION IN THE INTEREST OF JUSTICE** to DIVEST the recalcitrant Defendants of any further JURISDICTION in this case: Plaintiff realizes that the Federal Courts are loath to divest Federal Agencies of Jurisdiction, however the extreme abuses intentionally inflicted upon this Pro Se Plaintiff for over a DECADE and the resultant continuing devastating health harm he suffers MERIT BOTH swift immediate EMERGENCY BASED RESTRAINING action by this Court AND DIVESTING the Defendants of Jurisdiction! **This Honourable Court HAS Jurisdiction in this matter to at minimum ENFORCE the PREVIOUS ORDER of THIS Court AND the Representations of the Defendants on which the ORDER was based, AND TO MODIFY in accordance to these details below, incorporated herein into this Judicial Notice, as if specifically setforth hereat:**

### EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER:

**1.) Because** this indigent Plaintiff is facing irreparable harms with numerous health crises including pending needed surgery with at least two months aftercare in a skilled nursing facility, therefore his life and health are in imminent danger; AND **2.) Because** this indigent Plaintiff's name has finally turned up on an actual Wheelchair Accessible Housing List in San Francisco

1     after 11 years of waiting, wherein Plaintiff could actually obtain ACTUAL ACCESSIBLE

2     HOUSING WITH A ROLL–IN SHOWER that is wheelchair accessible but must have at least

3
      his SSI disability payments immediately restored inorder to "have a steady source of income" to
4

5     "qualify" to pay the rent; AND **3.) Because** this housing actuality is an exceptionally

6     exceedingly rare opportunity for a wheelchair using person, {less than ½ percent of all San

7     Francisco housing is wheelchair accessible to low income persons!} PLAINTIFF WILL BE

8     PERMANENTLY AND IRREPARABLY HARMED IF THIS "TRO" WERE NOT ISSUED:

9
      **THEREFORE,** This is an Emergency Application for a Motion for Temporary Restraining
10

11    Order for the purpose of Restraining the Primary Chief Executive Officer of the San Francisco

12    Offices of the Social Security Administration, and any and all additional employees, from

13    refusing to deal with, cooperate with, reply to, and negotiate with, and settle with, the Pro Se

14
      Plaintiff and his "newly" authorized Legal Representative, Pro Bono Attorney, Ms. Georgeana
15

16    K. Roussos, 77 McAllister Street, San Francisco, California 94102 (415) 252–1922 and

17    REQUIRING that within TEN (10) business days OF THE TRO HEARING said primary Chief

18    Executive Officer of the San Francisco SSA TO PERSONALLY CONTACT, NEGOTIATE

19    WITH, **COMPLETE, SIGN, AND ISSUE A CHECK PAYING** ALL TITLE 2 AND TITLE

20
      16 DISABILITY PAYMENTS AND BACKPAYMENTS in AGREEMENT WITH Pro Se
21

22    Plaintiff Richards and Richards' "newly" appointed Pro Bono Attorney Georgeana K. Roussos,

23    (415) 252–1922, 77 McAllister Street, San Francisco, California 94102. This is also a **Petition**

24    **IN THE INTEREST OF JUSTICE** for this Court to DIVEST this recalcitrant agency of

25    Jurisdiction in this case, BECAUSE OF THE EXTREME ABUSES KNOWINGLY HEAPED

26
      UPON THE WEAK DISABLED PRO SE PLAINTIFF BY THE SSA DEFENDANTS.
27

28    FINALLY, this is also a **Petition IN THE INTEREST OF JUDICIAL ECONOMY,** because

      this recalcitrant agency will never ever issue the INNOCENT Pro Se Plaintiff Richards his

Backpayments and Current Payments check AS THEY PREVIOUSLY AGREED TO DO IN THE ORDER IN RELATED CASE **#98–4132CAL** (See: Exhibit #2) because it would be too large for any SSA bureaucrat to authorize without this Honourable Court's DIRECT interventions NOW, which would require Court supervision and intervention after the negotiations process anyway.

**EXTREMELY TRUNCATED HISTORY OF CASE (Major events marked by "▶"):**
*VERY BRIEF HISTORY BEFORE THIS COURT INTERVENED in #98 – 4132 (CAL):*
▶ Plaintiff applied for Title 2 Disability Benefits on or about November 21st 1986 STATING HIS ONSET DATE OF DISABILITY is March 31st, 1980

▶ SSA caseworker unexplainably, mistakenly recorded Plaintiff's onset Date of Disability as December 31st 1985!  Plaintiff has attempted to correct this "mistake" numerous times as the date deliberately separates Pro Se Plaintiff from his TITLE 2 Disability Benefits and locks him into TITLE 16 SSI, welfare payments, which are, in retaliation for daring to confront SSA Defendants, easily and fraudulently possible to take away WITHOUT HEARING in violation of 5th Amendment property rights, *inter alia*, as has happened in this case.  After numerous attempts to correct the "mistake" Pro Se Plaintiff Richards eventually realized the "mistake" was willful and deliberate and filed suit for this Court to resolve the fraud.

▶ Plaintiff became permanently physically disabled on March 31st, 1980 AND HAS NEVER ASSERTED ANY OTHER DATE OR ONSET DATE OF DISABILITY.  The Defendants "accidentally" altered this date to deny Plaintiff full Title II, 42 USC § 404et.seq., earnings based Social Security Disability payments (listed differently as onset date "OD", or onset disability date, or onset date of disability "ODD", or disability onset "DO", or date of disability, "DOD").

▶ On or about May 26th, 1995 Administrative Law Judge Keith Stanley ADJUDICATED AS DISABLED Pro Se Plaintiff Richards and issued a decision FULLY FAVORABLE to Plaintiff Richards. **(See: Exhibit #1)** ▶▶ AT NO TIME SINCE May 26th, 1995 has the Social Security

Administration (SSA) ever determined Pro Se Plaintiff Richards TO NOT BE DISABLED!! ▶▶AT NO TIME SINCE has the SSA ever even ATTEMPTED to argue that Pro Se Plaintiff Richards IS NOT DISABLED because the overwhelming evidence is that Pro Se Plaintiff Richards IS PERMANENTLY Physically DISABLED. Indeed in the previous action in THIS Honourable Court the SSA CONCEDED that Pro Se Plaintiff Richards IS DISABLED and might even be PRIMA FACIE DISABLED PRIOR TO THE ORIGINAL 11/21/86 APPLICATION! **[Because the SSA agreed before District Court Judge Legge to go back 15+ years {See: 20 CFR § 404.988(c) / and SSA POMS} – an exceedingly unprecedented step that WAIVED Res Judicata so the SSA could "re-evaluate"\*\* Pro Se Plaintiff Richards' Title 2 earnings based "SSDI" disability claim! (See: Exhibit #2 which is a combination of** the last two pages of the ruling by District Court Judge Legge **And See: Exhibit #3** Plaintiff Richards' most recent MRI written report, wherein once again Pro Se Plaintiff Richards demonstrates A PRIMA FACIE disabling condition of a TUMOR IN HIS SPINE!] \*\*[1]

---

\*\*Actually this entirely phony "request to re–evaluate Richards' SSDI claims" was just simply a last minute trick of the U.S. Attorney Robert Mueller and Jocelyn Burton, and the SSA Appeals Counsel representative John Timlin designed to deny "405 G" subject matter jurisdiction to the Court, and clearly deny justice to the Plaintiff by claiming that the case merited even more action by A LOCAL OFFICE of the SSA HALF WAY ACROSS THE NATION in the State of Missouri where the disabled Plaintiff COULD NOT TRAVEL, when CLEARLY the Appeals Counsel had (1) *made a Final Decision of the Commissioner THEREBY COMPLYING WITH THE REGULATIONS FOR SUBJECT MATTER JURISDICTION UNDER 42 USC § 405 (g);* and (2) when clearly you never take an "under dispute" administrative case from the highest level of decision making back down to the lowest; and (3) finally and most importantly when clearly *Mathews Vs. Eldridge 424 US 319-322* clearly indicates that a decision by the Commissioner TO STOP disability payments IS *Completely Administratively Final* for the purpose of the Court determining subject matter jurisdiction. WHICH IS YET ONE MORE REASON WHY THIS HONORABLE COURT MUST DIVEST THE SSA OF JURISDICTION IN THIS CASE *NOW*, IN THE INTEREST OF JUSTICE. The interests of the SSA in protecting it's agency administrative process properly conducted by it's "experts" from any U.S. District Court interference **ARE VASTLY FAR OUTWEIGHED by the suffering of THIS unique Pro Se Plaintiff, Larry Richards, and the pure sense of justice and fairness for the abused plaintiff.** The Pro Se Plaintiff's health and life are rapidly deteriorating from the

►Pro Se Plaintiff Richards has had NUMEROUS {at least 5} MRI's **{See: Exhibit #3}** ALL indicating the same SPINAL tumor for MORE THAN A DECADE [original MRI in 1992]. RICHARDS REMAINS PERMANENTLY PHYSICALLY DISABLED; The repeatedly demonstrated SPINAL tumor of the Nerve Sheath growing from T–9 to T–10 in Plaintiff's Mid– Thoracic spine is PRIMA FACIE DISABLING *(See: 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, §§1.00 et.seq.: **Musculoskeletal** [Especially 1.00(B); 1.05(B)(1); 1.05 (C)(1); 1.13* **AND** *20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, §§11.00 et.seq. **Neurological** [Especially:  11.00 C; 11.03; 11.04 B; 11.08])*. The destroyed Plaintiff is being irreparably harmed WITH ABSOLUTELY NO INCOME TO THIS VERY MOMENT, which is why this Honourable Court must enter the applied for TRO AND yet another reason why this Court MUST DIVEST the SSA of Jurisdiction in this case in the clear interest of Justice. Plaintiff has had no income for almost A DECADE, even though the SSA Defendants REPRESENTED to this Honourable Court to go back in time 15 YEARS AND REEVALUATE THIS CASE AND CORRECT THEIR ERRORS AND PAY PLAINTIFF HIS DISABILITY BACKPAYMENTS AND CURRENT PAYMENTS! And Plaintiff suffers extreme stress, duress, and mental, emotional, and physical anguish, pain, and suffering and severe cruelty, due to the FRAUD OF THE DEFENDANTS!

►Instead of correcting it's wrongs, in retaliation against Pro Se Plaintiff Richards on or about or before August 1, 1997 the SSA committed FRAUD TWICE, and wrongfully without cause stopped Plaintiff's SSI Payments in August 1997 *WITHOUT HOLDING A HEARING* and thereby violated Plaintiff's Fifth Amendment Constitutional Property Rights, among other Rights; **WHICH IS CLEARLY A COLORABLE Constitutional Claim:** And which is yet

financial starvation inflicted upon him by the SSA Defendants who continuously refuse to even speak with Plaintiffs "newly" appointed Attorney Roussos.

another reason for the Court to DIVEST the SSA of Jurisdiction in this case in the clear interest of Justice. {See: **Mathews Vs. Eldridge 424 US 319 inter alia., United States Constitution Amendments 5 inter alia. Disability payments ARE Statutorily Created Property Rights!**}

**ARGUMENT #1:**

This Honourable Court **HAS Jurisdiction in this matter to at minimum ENFORCE the PREVIOUS Orders of this Court,** however based upon the facts stated in this application for TRO; the refusal of the Defendants to negotiate their agreement represented in this Court; the refusal of the Defendants to negotiate with the Pro Se Plaintiff's "newly" appointed Pro Bono Attorney Roussos; and his extreme suffering and resultant diminished physical health, causing him to require eminent surgery, Pro Se Plaintiff Richards **PRAYS and BESEECHES this Honourable Court TO GO FURTHER THAN MERELY GRANTING THE TRO AND COMPLETELY DIVEST THE AGENCY OF JURISDICTION AND ACT IN THE INTEREST OF JUSTICE AND IN THE SWIFTEST POSSIBLE MANNER.** The Pro Se Plaintiff has suffered in San Francisco for 7½ years since this decision and still suffers at the INTENSELY RETALIATORY AND DISCRIMINATORY hands of the recalcitrant Social Security Administration which has **REPEATEDLY refused to deal with Plaintiffs "newly" obtained Attorney and which wants to force the completely physically unable, impecunious, Plaintiff to travel half way across the country to a "local" SSA office in the State of Missouri, and deal with the SSA there! FURTHERMORE, the SSA has absolutely no hope whatsoever of continuing to deny the tumor in Pro Se Plaintiff Richards EXISTS, it has been demonstrated repeatedly by Magnetic Resonance Imaging, ("MRI"), a historically objective standard of evidence in this Court. The tumor was and is a PRE–EXISTING CONDITION, prior to even the original Title 2 Disability Application, but willfully excluded from ALL SSA findings because it automatically links Plaintiff to his Title 2**

earnings; and because such a Backpayment check issued today would be very large, <u>thus only a Court Order could achieve a large Backpayments check's issuance, for a tumor that IS PRIMA FACIE DISABLING BY SSA RULES!! But no SSA bureaucrat could ever have the courage to order such a large Backpayment check of over 270 months payments to be issued.</u> Thus in a rare turn around for Social Security Cases before this Court, the argument in this case–at–bar has NEVER been about DISABILITY, RATHER it has been about MONEY:  the SSA does not want to give Richards his Backpayments, or current payments under Title 2; Richards demands his legally entitled TITLE 2 SSDI AND 16 SSI Disability Payments and Backpayments.  Instead the SSA Defendants willfully committed FRAUD TWICE to stop the innocent Plaintiff's SSI payments WITHOUT A HEARING! This is WHY the Pro Se Plaintiff Richards BEGS this Honourable Court In a PRAYER FOR RELIEF, that in the interest of Justice, the Court Divest the SSA of Jurisdiction in this case! AND CONDUCT A JURY TRIAL ON THE EVIDENCE!

<u>Argument #2:</u>

By agreeing in open court before Judge Legge to go back to January 1988 **(See:  Exhibit #2)** (which is really an agreement to go back to the original application date of November 1986 [on which the January 6, 198*Z* Request for Reconsideration was based] – with actual $1000++ per month payments extending back to November 1985 a total of 270 payments) the agency PERMANENTLY WAIVES BOTH RES JUDICATA *AND SO CALLED "T – 1 STATUS" WHEREIN A CLAIMANT MUST REAPPLY IF THEY HAVE HAD PAYMENTS SUSPENDED FOR ONE YEAR OR LONGER.*  In waiving these two major provisions of Social Security Law the door is OPEN for this Court to divest this willfully recalcitrant Agency of Jurisdiction in this case in the Interest of Justice **BECAUSE DISABILITY IS NOT AT ISSUE in this case!**  NORMALLY in "Social Security Cases" THIS COURT IS CALLED

1  UPON IN DISABILITY ISSUES to exercise it's Jurisdiction AFTER COMPLETE

2  ADMINISTRATIVE EXHAUSTION when the SSA has made a "Final Decision of the

3  Commissioner" which waives sovereign immunity and allows the Court 42 USC § 405(g.)

4
5  subject matter Jurisdiction; but this case–at–bar is merely an ENFORCEMENT ACTION of

6  Defendant's representations for restoring Plaintiff's current and BACKPAYMENTS issues.

7  AND this case and need for enforcement action BY THIS COURT is EXACT PROOF that the

8  SSA Defendants truly needed no further "405 (g) further evaluations" in #98–4132(CAL) AND

9
10  THEREBY PRESENTED FALSE TESTIMONY TO THIS COURT because they would have

11  surely done such evaluations and PAID Plaintiff IF THEIR TRUE INTENT WERE TO "RE-

12  EVALUATE" and PAY PLAINTIFF HIS BACKPAYMENTS, FOR WHICH THERE ARE

13  NOW 22½ YEARS WORTH OF BACKPAYMENTS AND A TOTAL CHECK WELL OVER

14  $270,000. But the bitter truth is this recalcitrant agency had absolutely no intention of "re-

15
16  evaluation" of this case or to pay Plaintiff his BACKPAYMENTS! THIS RECALCITRANT

17  AGENCY IS HIGHLY UNLIKELY TO ISSUE SUCH A LARGE BACKPAY CHECK OF ITS

18  OWN VOLITION AND SO THE CASE WOULD BE BACK INTO THIS VERY SAME

19  COURT IN SIX MONTHS OR A YEAR FROM NOW ANYWAY IF THIS HONOURABLE

20  COURT ORDERED THE NORMAL ARBITRATION AND SETTLEMENT NEGOTIATION

21
22  PROCESS; AND SO THUS, **THIS IS ALSO A PETITION IN THE INTEREST OF**

23  **JUDICIAL ECONOMY because DIVESTING THIS RECALCITRANT DEFENDANT OF**

24  **JURISDICTION will save This Honourable Court time and effort in the long run!**

25  *VERY BRIEF HISTORY AFTER THIS COURT INTERVENED in #98 – 4132 (CAL):*

26
27  ►*For considerably more than the past two years the "newly"* appointed Law Offices of

28  Georgeana K. Roussos and herself personally have **repeatedly** contacted the San Francisco

Offices of the SSA seeking information about and negotiations for settlement with Larry

1  Richards only to be absolutely ignored and not responded to or even acknowledged, NEVER

2  EVER, NOT EVEN ONCE, NOT EVEN TO SAY "WE DO NOT HAVE ANY RECORD OF

3
4  YOU REPRESENTING LARRY RICHARDS" EVEN THOUGH MS. ROUSSOS HAS THAT

5  SIGNED AGREEMENT AND ISSUED A COPY TO THE SSA DEFENDANTS! To the point

6  where Ms. Roussos is frustrated beyond the ability to continue to deal with the SSA Defendants,

7  which is yet another reason for this Court to divest the SSA of Jurisdiction in this case in the

8  interest of Justice.

9
10  ▶ The Pro Se Plaintiff Larry Richards has personally written, sworn to, and signed this Motion

11  for TRO and Application for Preliminary Injunction but is far too ill to personally attend the

12  Court and represent himself in this action and therefore **Plaintiff MOVES** this Honourable Court

13  that **UNDER THE EQUAL ACCESS TO JUSTICE ACT (at section 504 and 554 of Title 5**

14  **United States Code)** that the Court **APPOINT PAYMENT** UNDER *THAT 5 USC §§ 504; 554*

15
16  ACT TO: Ms. Georgeana Roussos as Plaintiff's Pro Bono Social Security Attorney to represent

17  him in this matter. Plaintiff understands that Ms. Roussos volunteered to inquire about the status

18  of Backpayments to Plaintiff, and was unsuccessful due solely to the recalcitrance of the SSA

19  Defendants! This was the only act Ms. Roussos agreed to perform on the Plaintiff's behalf, and

20  Plaintiff understands that Ms. Roussos is not representing him in any legal proceedings,

21
22  HOWEVER Plaintiff begs this Honorable Court to **APPOINT** Ms. Roussos because he is

23  incredibly ill and unable to attend the Court; AND that he be ALLOWED TO TESTIFY VIA

24  TELEPHONE connection to the Court, with telephone number of Pro Se Plaintiff to be provided

25  to the clerk by Plaintiff.

26
27  **JUDICIAL NOTICE TO THE COURT #4 of 4:** UNDER THE SSA "RULES" Ms. Roussos

28  cannot be paid UNLESS Richards issues a "New Application" to the SSA for Title 2 and Title 16

Disability payments and she is the Attorney of Record for that "New Application". However

ALSO UNDER THE SSA "RULES" if Richards files any "New Application" it automatically **TRIGGERS RES JUDICATA;** and the SSA can legally bar Pro Se Plaintiff Richards's ABSOLUTE PROPERTY RIGHTS to his SSDI and SSI disability current payments and backpayments BECAUSE OF the legal doctrines of letting THEIR "PREVIOUS" DECISIONS "rest" IN THIS CLAIM. This pernicious practice of the SSA Defendants using "New" disability applications to destroy previous disability claims, and thereby destroy the lives of the weakest and most disabled citizens of the United States under the guise of Res Judicata is in hundreds of cases but for ease of reference, and because Plaintiff does not remember the entire list he cites: {See: Jelinek Vs. Heckler inter alia. CA8 MINN 764 F2d 507}. Richards "reopened" under Jelinek and the SSA Defendants have STILL refused to go back and correct their errors in this case even though they represented to this Court that "they would actually do so *THIS TIME*". Clearly, Pro Se Plaintiff Richards simply cannot trust that the clearly fraudulent SSA Defendants would do anything else other than continue to defraud him if he attempted to initiate another so – called Jelinek re–opening "new" application to waive RES JUDICATA!! Richards can easily and will absolutely prove he has been WILLFULLY INTENTIONALLY DEFRAUDED out of his disability payments by the SSA Defendants!! Pro Se Plaintiff Richards WAS IN THE PAST, currently IS, and permanently into the forever future MUST receive his SSDI and SSI payments from at least 11/21/1986 {technically 11/21/85 by rule 42 USC § 404.988(a.)} to the present; AND Pro Se Plaintiff Richards Notices the Court to read PLAINTIFF'S EXHIBIT #2 – the Previous ORDER by this Honourable Court: wherein, BY PREVIOUS COURT ORDER from the Honourable Charles A. Legge (ret.) the Defendants have AGREED IN THIS COURT to GO BACK TO AT LEAST 11/21/1985 AND FROM THAT DATE FORWARD, CORRECT THEIR ERRORS AND PAY RICHARDS THAT BACKPAY – **clearly waiving the need for a "new" application and Res Judicata,** EXCEPT THEY ARE REFUSING TO ACTUALLY ACT

AND DO THIS – or to even properly reply to Plaintiff's Pro Bono Attorney Roussos *WHICH IS WHY YOU ARE HAVING TO READ THIS PAPERWORK RIGHT NOW!! And which is yet another reason why this Honourable Court MUST divest this recalcitrant agency of Jurisdiction in this case! {Again SEE: Exhibit #2}* Plaintiff Richards is very ill; and must have surgery; and cannot even care for himself; he must have the assistance of Pro Bono Attorney Roussos to negotiate with the SSA, BECAUSE HE NO LONGER HAS THE PHYSICAL AND MENTAL ABILITY TO PUT UP WITH THE EXTREME STRESSES THAT THE SSA DEFENDANTS ROUTINELY CAUSE ALL CLAIMANTS, yet the RECALCITRANT SSA Defendants REFUSE TO ACTUALLY DEAL WITH OR EVEN ACKNOWLEDGE OR EVER REPLY TO PLAINTIFF'S PRO BONO ATTORNEY ROUSSOS!   HOWEVER, Plaintiff Richards CANNOT sacrifice and give up that large Backpayment check, just to start a "new" application, just to obtain the current services of Ms. Roussos; and under the Social Security Act she can only be limited to approximately $4000 for negotiation of his disability payments. THEREFORE, **PRO SE PLAINTIFF RICHARDS' ATTORNEY ROUSSOS MUST THEREFORE BE PAID UNDER THE PLAINTIFF'S ABSOLUTE RIGHT TO RECEIVE EQUAL ACCESS TO JUSTICE BY HAVING THIS HONOURABLE COURT APPOINT ATTORNEY GEORGEANA ROUSSOS TO REPRESENT THE PLAINTIFF UNDER THE EQUAL ACCESS TO JUSTICE ACT 5 USC §§ 504 and 554!**

### SUMMARY:

The interests of the SSA Defendants in protecting it's agency administrative process properly conducted by it's "experts" from any U.S. District Court interference **ARE VASTLY FAR OUTWEIGHED by the suffering of THIS unique Pro Se Plaintiff, Larry Richards, and the pure sense of justice and fairness for the abused Plaintiff.** The Pro Se Plaintiff's health and life are rapidly deteriorating from the financial starvation INTENTIONALLY inflicted upon him

by the SSA Defendants who continuously refuse to even speak with Plaintiffs "newly" appointed Attorney Roussos. THEREFORE, this TRO is based upon the severe, ongoing, and IRREPARABLE HARMS, which are being unlawfully devastatingly heaped upon the innocent Pro Se Plaintiff Richards, who seeks 4 EMERGENCY remedies from this Honourable Court:

1.) Enforcement of the Order Of This Court, signed by the Honorable Charles A. Legge, ONLY IN THE CITY OF SAN FRANCISCO, AND NOT REQUIRING THE PLAINTIFF TO TRAVEL TO THE LOCAL SSA OFFICE IN MISSOURI AS PREVIOUSLY DETERMINED, by the SSA Defendants!

2.) AN ORDER from this Court REQUIRING THAT WITHIN THE NEXT 10 BUSINESS DAYS the Primary Chief Executive Officer of the San Francisco Office of the SSA to completely co–operate with, correspond with, talk with, negotiate with, **AND REACH FINAL SETTLEMENT WITH,** Pro Se Plaintiff's Newly Appointed Pro Bono Attorney Georgeana Roussos for a settlement of Plaintiff's November 21st 1986, Title 2 and Title 16 Disability Payments and BACKPAYMENTS agreement with Pro Se Plaintiff Richards and immediately issue said SSDI AND SSI backpayments check, regardless of the AMOUNT OF SAID CHECK – OR REPORT THE AMOUNT TO THE COURT FOR COURT ORDER OF THE ISSUANCE OF SAID CHECK. (Essentially this is what the SSA AGREED to do before Judge Legge but has refused to actually cooperate and do for over the last 2 years with the Plaintiff's "newly" appointed Attorney Roussos.){Ex#2}

3.) **TEMPORARY**, IMMEDIATE, AND *EMERGENCY* Restoration of Plaintiff's Title 16 SSI payments and Backpayments until an agreement between Plaintiff Richards, Plaintiff's Attorney Roussos, and The San Francisco Office of the SSA can be reached. Plaintiff has PROVEN he is Permanently Physically Disabled; struggling with severe medical bills; MUST HAVE SURGERY; CANNOT CARE FOR HIMSELF; WILL

1   LOSE THE WHEELCHAIR ACCESSIBLE HOUSING THAT HE HAS WAITED 11+

2   YEARS UPON; can no longer survive without immediate "proof of steady income" that

3   SSI payments technically represent; and has needs that far exceed the average person,

4   even the average disabled person; and must have his Title 16 SSI payments

5   TEMPORARILY restored *via DIRECT SPECIFIC Order of this Court NOW*

6   *TODAY!! (See: 42 USC § 416.1336(b) PAYMENT CONTINUATIONS REQUIRED*

7   *FOR TIMELY APPEALS!* Meaning that even before this process all begins, Plaintiff

8   gets his current SSI payments TEMPORARILY restored pursuant to the PAYMENT

9   CONTINUATIONS PROVISIONS OF TITLE 16 OF THE ACT!!

10  **4.)** AND BASED UPON THE FACTS OF THIS APPLICATION, the Pro Se Plaintiff

11  Richards BEGS and PLEADS with this Honourable Court to DIVEST these recalcitrant

12  SSA Defendants of Jurisdiction in this case–at–bar in the CLEAR INTEREST OF

13  JUSTICE; if this Honourable Court is hesitant to immediately do this, THEN DIVEST

14  after 25 *calendar* days of the SSA attempting to resolve this most untenable irreparable

15  harm, through negotiations with Pro Bono Attorney Roussos and Plaintiff Richards. **In**

16  **other words, by Court ORDER the SSA Defendants would have 25 days from this**

17  **Application hearing to negotiate with and settle this claim with Plaintiff's Pro Bono**

18  **Attorney Roussos, at which time either complete agreement is reached or this**

19  **Honourable Court DIVESTS this recalcitrant agency of Jurisdiction in this matter.**

20  **And so that there is no further misunderstanding, just as previously asserted in**

21  **#98–4132 (CAL) Plaintiff has been unlawfully denied SSDI Title 2 disability**

22  **payments for –as of this writing– 270 consecutive months [about 210 SSI payments].**

23  **The SSA is to determine what Plaintiff's SSDI payments would be today March 17th**

24  **2008 and multiply that number by 270 for the inflation value alone of those**

payments as they will buy even less today than they would have in 1985! SSA can credit previous payments to the SSI portion ONLY of their payment calculations and pay Plaintiff the remainder of his SSI.

*ADDITIONAL, ADMITTEDLY LESS SIGNIFICANT EVENTS IN BRIEF HISTORY AFTER THIS COURT INTERVENED IN CASE #98 – 4132 (CAL):*

►Much to the Plaintiff's chagrin the previous Court ORDER ignored the Harms of violating Plaintiff's 5th Amendment property rights to payment continuations while awaiting hearing, AND 5th Amendment Rights to Hearing before the termination of disability payments and accepted the phony representations of the SSA Defendants that they would go back 15 years in this case and correct their errors and make the Backpayments and Current payments to Plaintiff! This was based upon the wholly fallacious argument by the SSA Defendants that the Court lacked 42 USC § 405 (g.) subject matter Jurisdiction because the SSA Defendants wrongly stated that the case–at–bar required further administrative process at a small local SSA office, 2500 miles away in the State of Missouri! Which it clearly did not! PROOF OF THIS RESTS IN YOUR HANDS RIGHT NOW, as this paperwork and case would never have been necessary if the SSA Defendants had ACTUALLY DONE the "further administrative process" that they falsely claimed they needed! The SSA **Defendants** have clearly **ABUSED THIS COURT; ABUSED THIS PLAINTIFF; AND ABUSED THE "405 G" ADMINISTRATIVE PROCESS** PROVISIONS OF THE ACT inorder to frustrate justice, and deliberately deny payment to the wholly INNOCENT PLAINTIFF. And in fact Plaintiff calls the Court to NOTICE the OBVIOUS, that SSA **Defendants clearly NEVER ACTED UPON THEIR SO CALLED NEED TO ACT FURTHER!** The SSA clearly fraudulently misrepresented their need for further administrative process by removing the Plaintiff's case from proper "405 G" Court Jurisdiction into the vast worthless wasteland of never properly administered administrative process in hopes that Plaintiff would die and the SSA would never have to pay his

lawful property rights of SSDI disability BACKPAYMENTS and current payments. ►Plaintiff wrote a 50–page appeal brief and appealed to the 9th Circuit Courts of Appeal who turned down the Plaintiff WITHOUT POSSIBLY READING HIS BRIEF on the exact same day as he filed his 50–page appeal. ►Plaintiff wrote a 30–page appeal brief to the United States Supreme Court, which returned said brief unread "for correction" and told him that there was no time limit upon returning the "corrected" brief. ►Plaintiff became so physically ill and frustrated and exhausted from the stress unlawfully imposed upon him by the SSA Defendants that he has been unable to even look at his paperwork and rewrite this appeal. Infact Plaintiff is so ill he must now be hospitalized and have surgery due in large part to the willful fraud of the Defendants. ►Plaintiff explained his case to Social Security Attorney Georgeana Roussos who was very fascinated by the case and claims and amazed at all that had been done to Plaintiff Richards and also amazed that his determination had allowed him to barely survive and live without money and continue to fight the recalcitrant SSA defendants. She agreed to take the Plaintiff's case Pro Bono and Plaintiff signed the release that allows her to represent him OVER TWO YEARS AGO NOW, but the recalcitrant SSA Defendants have STILL IGNORED the Plaintiff. ►On Plaintiff's behalf Pro Bono Social Security Attorney Georgeana Roussos repeatedly contacted the SSA and was completely and utterly ignored and she stated to Plaintiff that she had a very good working relationship with all employees at the SSA and was amazed that they refused to communicate to her about the Plaintiff, and Plaintiff had warned her of the SSA's recalcitrance in this case; as it proves how fraudulent they are, and how willing they are to destroy the life of anyone who points out any error of their brutal retaliatory bureaucracy. ►After two years of contacting the SSA without any response, Pro Bono Attorney Roussos is extremely frustrated by this case and has suggested to Plaintiff that having some current money and surviving is better than dying over trying to fight for past owed money. Ms. Roussos advised Plaintiff to file a "new" application

1   while pursuing this action for reinstatement of his past due disability payments. Unfortunately

2   Plaintiff has learned from bilious bitter experience when he filed his last "new applications as a

3
    reopening" under the Jelineck Vs. Heckler model (See: CA8 MINN 764 F2d 507) and
4

5   discovered that all the SSA Defendants will do is STILL consider it a "new" claim which would

6   hammer away all of Plaintiff's lawfully enacted Property Right of Disability Payments under the

7   fist of Res Judicata., requiring him to fight in THIS COURT for the PREVIOUS ORDER!

8   Therefore Plaintiff told Ms. Roussos that he would instead write this Motion for Temporary
9
    Restraining Order and file it and BEG this Honourable Court for relief and enforcement of it's
10

11  previous ORDER, and to Appoint Attorney Roussos under the Equal Access to Justice Act.

12  ▶ Therefore Plaintiff BESEECHES this Honourable Court for MERCY AND SALVATION and

13  RESTORATION of Plaintiff's LAWFULLY ENTITLED Title 2 SSDI and Title 16 SSI

14  Disability payments based upon the ENFORCEMENT of the previous ORDER made by this
15
16  SAME Honourable Court! AND based upon the representations of the SSA to this Honourable

17  Court to go back to the beginning of this case and pay Plaintiff his Title 2 and Title 16 Disability

18  payments.    THEREFORE THE PRO SE PLAINTIFF BEGS FOR MERCY AND RELIEF AS

19  DETAILED in both previous COMPLAINTS TO THIS HONOURABLE COURT.

20
                                        Respectfully Submitted, Signed, and Sworn in San
21                                      Francisco, California; Dated this Monday the 17th day of
                                        March, in the Two Thousand and Eighth Year of our Lord
22
                                        By: Larry Richards, Plaintiff, Pro Se, In
23
                                        Propria Persona, Counsel of
24                                      Record for the Plaintiff: Larry
                                        Richards and IF APPOINTED
25                                      PURSUANT TO THE EQUAL
                                        ACCESS TO JUSTICE ACT:
26                                      Ms. Georgeana K. Roussos,
                                        77 McAllister, Second Floor; San
27                                      Francisco, California 94102

28  ©ENTIRE CONTENTS COPYWRITTEN BY AUTHOR LARRY RICHARDS © on 3/17/08
    no portion may be used without expressed written permission of the author who can be contacted
    at the address above.

**PLAINTIFF's EXHIBIT#1**

DEPARTMENT OF HEALTH & HUMAN SERVICES   Social Security Administration

Refer to:

Office of Hearings and Appeals
500 State Avenue, Suite 380
Kansas City, KS  66101
Telephone: (913) 551-6505
Date:

MAY 2 6 .995

## NOTICE OF DECISION -- FULLY FAVORABLE

Larry J, Richards

I have made the enclosed decision in your case.  Please read this notice and the decision carefully.

### This Decision Is Fully Favorable To You

Another office will process the decision and send you a letter about your benefits.  Your local Social Security office or another office may first ask you for more information.  If you do not hear anything for 60 days, contact your local office.

### The Appeals Council May Review The Decision On Its Own Motion

The Appeals Council may decide to review my decision even though you do not ask it to do so.  To do that, the Council must mail you a notice about its review within 60 days from the date shown above.   Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you or your representative must request the Appeals Council to review the decision.  You must make the request in writing.  You may use our Request for Review form, HA-520, or write a letter.

See Next Page

# PLAINTIFF'S EXHIBIT#2

Finally, the government has represented to this court in its brief that upon dismissal of this action, plaintiff's case will be returned to the proper component of the Social

14

Security Administration to address plaintiff's January 1988 request for reconsideration. In light of the above ruling, the court assumes that the government will honor this representation. And plaintiff might be able to obtain reinstatement of his Title XVI checks by complying with the SSA's requests for information.

IT IS SO ORDERED.

DATED:    April 12, 1999.

_____

CHARLES A. LEGGE
United States District Judge

IN THIS EXHIBIT #2 THE PRO SE
PLAINTIFF HAS ENLARGED THE
FINAL TWO PAGES OF THE 15
PAGE ORDER IN RELATED CASE
#98-4132 CAL - THIS IS
"DOCUMENT #40" AND IS
AVAILABLE IN THE COURT'S
RECORDS IN SAN MATEO - (SEE EX. #4)
PLAINTIFF AND PLAINTIFF'S PRO BONO
ATTORNEY ALSO HAVE A PHOTOCOPY.



*PLAINTIFF's EXHIBIT #3*

Richards, Larry          Sex:M          BD:          MR#:

MRI SPINE THORACIC W&WO CON                    Mar 27, 2006 11:40

```
*** Final Report ***
Acc# 2170691
Dictating MD:  ROCKY SAENZ M.D. Dictated on:  Mar 27 2006 11:35AM
Reviewing MD:  ROCKY SAENZ M.D.
Signing MD:  ROCKY SAENZ M.D. Signed on:  Mar 27 2006  4:55PM
MRI 4314 - MRI SPINE THORACIC W&WO CON - Mar 27 2006 11:40AM
Reason for Exam: NERVE SHEATH TUMOR
RESULT:  MRI thoracic spine, with contrast
Indication: Right paraspinal mass
Comparisons: Compared with prior report MRI 5/29/01
Technique: Multi-planar multi-sequence imaging was performed of the
thoracic spine. The sequences done include: T2 sagittal, T1 sagittal, T1
axial, T2 FSE axial, post gadolinium T1 coronal and axial.
Findings:
The thoracic vertebral bodies do have normal alignment and preserved
heights. Bone marrow signal and cervical spinal cord signal is normal.
The thoracic Spine was then studied axially:
An oval-shaped, well-circumscribed lesion is identified which measures 12
mm x 7 mm x 6 mm (transverse diameter by AP x craniocaudal diameter) and
is of corresponding high signal on the T2-weighted images and low signal
on T1-weighted images. This lesion is located just anterior to the
posterior aspect of the 9th right rib. After the administration of
gadolinium, homogeneous enhancement is seen.
Again identified is the broad-based bulge at T9 and T10 without
significant canal stenosis.
IMPRESSION:
Again seen is a lesion anterior to the right 9th rib which is
well-circumscribed and oval in shape measuring 12 mm x 7 mm in largest
diameter. The findings are most consistent with a nerve sheath tumor.
This exam was approved and reviewed by Dr. Donna Roberts.
My electronic signature on this consultation report indicates my direct
involvement in the interpretation of the examination and/or the direct
supervision of the entire procedure and agreement with the report.
```

*Magnetic Resonance Imaging*

*OBJECTIVE PROOF OF SCHWANNOMA TUMOR IN PLAINTIFF's SPINE!*

**PLAINTIFF's**
**EXHIBIT #4: HIS RELATED CASE.**

**-FILE LOCATED IN SAN MATEO**

CAND-ECF

Page 1 of 1

## Case File Location

Case 3:98-cv-04132-CAL is marked as having been sent to the FRC.

| Case Number | Volume | Case Title | FRC Shipment Code | FRC Accession Number | Box Number | FRC Location | Date Shipped | Description |
|---|---|---|---|---|---|---|---|---|
| 3:98-cv-04132-CAL | CS1 | Richards v. Apfel, et al | 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 | 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 | 332-333 | 1710540 | 03/09/2006 | 1710540 |

Error: There was an error retrieving the form. Please see your system administrator.