IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RICHARDS, | No. C-08-1532 MMC |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant | |

Before the Court is plaintiff's "Complaint for a Cause of Action" ("Compl.") filed March 19, 2008, as well as plaintiff's "Better Explanations of Complaint" ("Better Expl."), filed April 22, 2008, and "Partial Addendum to Complaint" ("Partial Add."), filed April 29, 2008.

Where, as here, a party proceeds in forma pauperis, the Court "shall dismiss the case at any time" if the Court determines the complaint "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Here, having read and considered the complaint,[1] the Court finds plaintiff has failed to state a claim.

To the extent plaintiff alleges defendant made "false representations" to the district

---

[1] The Court considers all three of the above-referenced filings to constitute plaintiff's complaint.

judge assigned to a prior action plaintiff filed against defendant Commissioner of Social Security, specifically, Richards v. Apfel, C-98-4132, and that the district judge dismissed plaintiff's claims alleged therein in light of such representations, (see Compl. at 6), plaintiff fails to state a claim upon which relief may be granted.  Such claim is not properly pursued in the instant action; rather, it should have been filed as a motion for relief from the judgment entered in the prior action.  See Fed. R. Civ. P. 60(b)(3).  Any such motion for relief, if now filed in the prior action, would be time-barred, see Fed. R. Civ. P. 60(c)(1) (providing motion for relief form judgment based on claim of fraud or misconduct by opposing party must be filed "no more than a year after the entry of judgment");[2] plaintiff cannot avoid such result by alleging his entitlement to such relief in a new action.

To the extent plaintiff alleges he is entitled to retroactive disability payments under the Social Security Act, as well as to benefits "into the forever future," (see Compl. at 11), and seeks review of a decision terminating his benefits, plaintiff fails to state a claim upon which relief may be granted.  The decision at issue was made on August 1, 1997.  (See Partial Add. at 3.)  As set forth in an order filed April 14, 1999 in the above-referenced prior action, the Court lacks jurisdiction to consider that decision until plaintiff has exhausted his administrative remedies.  (See Order Denying Preliminary Injunction and Dismissing Case, filed in C-98-4132 on April 14, 1999, at 12-14.)  In the instant action, plaintiff states that after the dismissal of his prior action, he did not further pursue the matter of the August 1997 decision.  (See Partial Add. at 1-2 of attachment thereto.)  Consequently, plaintiff has not yet exhausted his administrative remedies.  Further, plaintiff acknowledges he has not filed another application since the time his benefits were terminated, (see Compl. at 10); as a result, there is no later decision for a district court to consider.

To the extent plaintiff alleges he is entitled to an award of damages based on defendant's having failed to reinstate plaintiff's benefits and/or otherwise having erred in the manner in which plaintiff's claim(s) for benefits have been addressed, (see Better Expl. at

---

[2] Judgment in the prior action was entered on April 23, 1999.

4), plaintiff fails to state a claim upon which relief may be granted because damages are not available as a form of relief.  See Schweiker v. Chilicky, 487 U.S. 412, 414 (1988) (holding plaintiff may not obtain damages based on claim Social Security Administration improperly denied claim for benefits).

Finally, to the extent plaintiff alleges he is entitled to relief as against the State of California if the State of California denies his request to pay all medical bills he has incurred in the last 121 months, (see Partial Add. at 3-4),[3] plaintiff fails to state a claim upon which relief may be granted.  Because the State of California has not rendered any decision, let alone a final decision, on plaintiff's request, any claim against the State of California is premature.  Moreover, plaintiff alleges no jurisdictional basis for any such claim against the State of California.

Accordingly, plaintiff's complaint is hereby DISMISSED without leave to amend.

The Clerk shall close the case and terminate any pending motions.

The Clerk shall serve a copy of the instant order on the United States Attorney, upon whom the U.S. Marshal recently served the instant complaint.

**IT IS SO ORDERED.**

Dated:  May 5, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3] According to plaintiff, the State of California has found plaintiff is "disabled" and has, as a result, "placed [him] back onto their 'Medi-Cal' systems."  (See id. at 2.)  Plaintiff made his request for retroactive payment of medical bills to his "Case Worker."  (See id., attachment thereto.)

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY RICHARDS et al,

        Plaintiff,

v.

MICHAEL J ASTRUE et al,

        Defendant.

Case Number: CV08-01532 MMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Richards
2625 Alcatraz Avenue
#317
Berkeley, CA 94705-2702

United States Attorney
450 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

Dated: May 6, 2008

        Richard W. Wieking, Clerk
        By: Alfred Amistoso, Deputy Clerk